Frank and Laraine Barton, defendants-appellants, appeal the judgment of the Franklin County Court of Common Pleas. The trial court overruled appellants' motion for relief from judgment pursuant to Civ.R. 60(B). We affirm.
On March 25, 1987, appellants executed and delivered to Dennis M. Saker, plaintiff-appellee, a cognovit promissory note with the face amount of $50,000. See Saker v. Barton (Dec. 12, 1997), Morgan App. No. CA-97-05, unreported. The cognovit note was accompanied by a mortgage on real property held by appellants located in Morgan County, Ohio. The cognovit promissory note stated in part:
 In the event of non-payment of any installment of principal or interest hereunder, when due, the entire balance of principal then remaining unpaid, with accrued interest thereon, shall at once become due and payable at the option of the holder hereof, without notice or demand.
 The maker(s) and indorser(s) hereof hereby authorize any attorney at law to appear in any court of record of the State of Ohio or any other State in the United States at any time after this note becomes due, whether by acceleration or otherwise, and to waive the issuing and service of process and confess a judgment in favor of the legal holder hereof against the maker(s) and indorser(s), or either or any one or more of them, for the amount of principal and interest then appearing due upon this note, together with costs of suit and to release all errors and waive all right of appeal.
 WARNING — BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.
On May 17, 1995, appellee filed a complaint against appellants. The complaint stated that the cognovit promissory note "is unpaid and there is now due [appellee] on said note the sum of $32,756.40, with interest thereon at a rate of ten percent (8%) [sic] per annum from the 25th day of March, 1987." Appellee also claimed that appellants "signed the note in Franklin County, Ohio, and signed the warrant of attorney authorizing confession of judgment in Franklin County, Ohio."
On May 17, 1995, the trial court filed a judgment entry in favor of appellee stating in part:
 This day came [appellee]. There also appeared in open court for an[d] on behalf of [appellants], an attorney at law of this court, and by virtue of the warrant of attorney annexed to the note attached to the complaint in said cause, shown to have been fully executed by said [appellants], and waived the issuance and service of process in this action, and confessed a judgment on said note against said [appellants], in favor of [appellee], for the sum of $32,756.40, being the amount of the principal; and interest due on said note and for the costs taxed and to be taxed, and waived and released all errors in said proceedings and the right to appeal from the judgment rendered.
 * * * It is, therefore, by the court, ORDERED, ADJUDGED AND DECREED that [appellee] recover from [appellants] the sum of $32,756.40, being the amount of said note with interest computed at ten percent (8%) [sic] per annum from the 25th day of March, 1987, and also for costs herein expended taxed at $73.00. * * *
Appellee filed a motion on May 17, 1995 requiring appellants to appear before the trial court on June 9, 1995 "to answer questions concerning [their] property" in relation to satisfying the judgment against them. Appellants were notified of the hearing by certified mail.
On May 13, 1996, appellants filed a "Motion for Relief of [sic] Judgment for the May 17, 1995 judgment entry pursuant to Civ.R. 60(B). Appellants' motion included a spread sheet showing that on July 25, 1995, the balance due on the note was $4,636.00 instead of $32,756.40. Appellants claimed that appellee "either knew or should have known that most of the promissory note had been repayed. He, therefore, misrepresented to the court the amount owed in his pleadings." The trial court overruled appellants' motion on July 17, 1996, finding that appellants "did not attach any affidavits or any evidence substantiating their claims."
Appellants filed a "Motion for Reconsideration of Motion for Relief of [sic] Judgment" with the trial court on September 9, 1996. The trial court denied appellants' motion for reconsideration on February 21, 1997, finding that "the instant Motion for Reconsideration is not the 'proper procedural vehicle' to challenge said order." On March 20, 1997, appellants filed a notice of appeal with this court. In a memorandum decision, we dismissed appellants' appeal, stating:
 "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Therefore, "motions for reconsideration of a final judgment in the trial court are a nullity," id. at 379, and the judicial decrees disposing of those motions are a nullity, id. at 381. A judgment overruling a Civ.R. 60(B) motion is a final order, or "final judgment in the trial court." See Colley v. Bazell (1980), 64 Ohio St.2d 243, paragraph one of the syllabus. Therefore, a judicial decree disposing of a motion for reconsideration of a judgment overruling a Civ.R. 60(B) motion is a nullity.
 Because the trial court's February 24, 1997 decision and entry overruling appellant's motion for reconsideration is a nullity, it is not a final order from which an appeal may be taken, and this appeal must be dismissed for lack of jurisdiction.
Saker v. Barton (Sept. 23, 1997), Franklin App. No. 97APE03-388, unreported (Memorandum Decision).
In April 1996, appellee filed a "Complaint in Foreclosure" against appellants' property in Morgan County, Ohio. Appellants filed a counterclaim against appellee claiming that appellee "knew or should have known that the amount in the complaint was incorrect as most of the loan had been repaid and further there were verbal representations made that there would be no litigation in this matter." Saker, Morgan App. No. CA-97-05.
Appellee filed a motion for summary judgment with the trial court, and on February 27, 1997, the trial court filed a judgment entry granting appellee's motion for summary judgment and decree in foreclosure. The trial court also held that appellants' counterclaim was moot because "the principles ofres judicata bar [appellants] from relitigating the issues raised in their counterclaim herein as said issues were heard and decided adversely to [appellants] in the Common Pleas Court of Franklin County." Appellants appealed this judgment to the Fifth District Court of Appeals of Ohio, which affirmed the trial court's decision. The appellate court stated in its opinion: "Since the point or the fact of the amount remaining due on the note was actually and directly at issue in the Franklin County action and that court passed upon and determined that issue, appellants are barred by the doctrine ofres judicata from raising the identical issue in the Morgan County action." Saker, Morgan App. No. CA-97-05.
On December 24, 1997, appellants filed with the Franklin County Court of Common Pleas a "Motion for an Equitable Accounting." Appellants claimed in their motion that "[t]wo checks which totaled Nineteen Thousand Dollars ($19,000.00) were not credited on the note." In support of their claim, appellants submitted twelve pages of transcript from a civil case involving the parties tried before the Franklin County Court of Common Pleas in October 1997. Appellee filed with the court a request to garnish stock held by appellants in order to satisfy the May 17, 1995 judgment. The matters were assigned to a magistrate who consolidated appellants' motion and the garnishment proceeding on January 9, 1998.
After a hearing held before the magistrate on January 13, 1998, the magistrate issued a decision stating that "[b]ased on the lack of statutory or case law authority for the existence of a post-judgment 'equitable accounting', the Magistrate OVERRULES [appellants'] motion for that process." The magistrate withheld ruling on the garnishment issue until after appellee provided the magistrate with "copies of pertinent decisions of the Morgan County Common Pleas Court in prior litigation between the parties."
On February 1, 1998, appellants filed a second Civ.R. 60(B) motion in the Franklin County Court of Common Pleas concerning the May 17, 1995 judgment entry. Appellants alleged in their motion that the judgment of $32,756.40 "was obtained by a fraud on the Court." In support of their argument, appellants again included portions of testimony given in the October 1997 civil case. Appellants argued that the testimony in the October 1997 case established "that at least $45,000 was paid by [appellants] on the cognovit note."
On February 12, 1998, the magistrate ruled upon appellee's request to garnish appellants' stock. The magistrate held that:
 * * * (1) it is legally improper to consider in this garnishment proceeding the proffered testimony and exhibits from the October 1997 trial, and (2) [appellants] have presented no material defeating the jurisdiction of the courts which rendered the prior judgments, upon which this garnishment is based, so as to create an arguable claim of a void judgment. The [Appellants] therefore have no basis upon which to contest the garnishment.
Appellants did not file any objections to any of the magistrate's decisions.
On August 7, 1998, the trial court overruled appellants' Civ.R. 60(B) motion stating:
 * * * The Decision and Entry of January 27, 1998[1] acts as res judicata on the issue of [appellants] overturning the earlier judgment of this Court. The principle of res judicata becomes even more significant in this case as (1) the Common Pleas Court of Morgan County has also refused to vacate [appellee's] judgment in this matter, and (2) two Courts of Appeal have reviewed this matter and determined that the trial court judgments were proper.
Appellants appeal this decision and present the following assignment of error.
 THE LOWER COURT ERRED WHEN IT REFUSED TO CONSIDER IN THE GARNISHMENT PROCEEDING THE PROFFERED TESTIMONY AND EXHIBITS FROM THE OCTOBER 1997 TRIAL ON THE BASIS THAT THE DOCTRINE OF RES JUDICATA PRECLUDED SUCH CONSIDERATION.
Appellants argue in their assignment of error that "The Magistrate erred when he held that the doctrine of res judicata barred him from consideration as part of the garnishment proceeding the proffered testimony of Appellee and exhibits from the October 1997 trial that established that Appellants owed Appellee a lesser amount than he sought to recover in the garnishment proceeding." However, a review of the record shows that this issue is not properly before this court.[2]
Appellants' notice of appeal concerns the trial court's August 7, 1998 judgment entry denying appellants' February 1, 1998 Civ.R. 60(B) motion. The trial court never addressed the issue of whether it should have considered the testimony presented by appellants in their Civ.R. 60(B) motion. Instead, the trial court simply held that appellants were not entitled to Civ.R. 60(B) relief because of the doctrine of res judicata.
"In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion." State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152,153. In the interests of justice, we will address whether the trial court abused its discretion in overruling appellants' Civ.R. 60(B) motion.
Civ.R. 60(B) states:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.
The Ohio Supreme Court has stated:
 Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order. The moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment. * * *
In re Whitman (1998), 81 Ohio St.3d 239, 242, following GTEAutomatic Elec., Inc. v. ARC Industries. Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The party moving for Civ.R. 60(B) relief has the burden of proving that he or she is entitled to the relief requested. Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg (1993), 90 Ohio App.3d 436,447.
A review of the record shows that appellants failed to prove that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5). Appellants stated in their Civ.R. 60(B) motion filed on February 1, 1998:
 The judgment that is the subject of this Motion was obtained by a fraud on the Court. [Appellee] and his attorney both represented to the Court that the amount [appellants] owed on the note was $32,756.40. [Appellee's] subsequent testimony that at least $45,000 had been paid on the note blatantly contradicts the facts represented to this Court.
Appellants argue that the time requirements for Civ.R. 60(B)(1)-(3) should not apply to their motion because they "did not have any way to prove that [appellee] knowingly committed a fraud upon the Court until [appellants'] attorney had the opportunity to question him under oath at a subsequent proceeding in October 1997." Appellants' motion was filed almost three years after the trial court's judgment.
Appellants' argument that they "did not have any way to prove that [appellee] committed a fraud upon the Court" is curious when considering the long history of the present case. Appellants have attempted to prove in many different proceedings that they did not owe appellee the amount entered in the judgment against them on March 17, 1995. In each of the proceedings, appellants have argued variations of the same argument they presented in their May 13, 1996 "Motion for Relief of [sic] Judgment" in which they stated that appellee "either knew or should have known that most of the promissory note had been repayed. He, therefore, misrepresented to the court the amount owed in his pleadings." Appellants also fail to demonstrate how the testimony from the October 1997 case was "newly discovered evidence" and why they were unable to have "the opportunity to question [appellee] under oath" prior to October 1997. See Civ.R. 26 through 36. Therefore, we find that the trial court did not abuse its discretion in refusing to grant appellant relief based upon Civ.R. 60(B)(1)-(3).
Appellants also argued in their motion that relief should be granted from the May 17, 1995 judgment pursuant to Civ.R. 60(B)(4) because "the judgment against [appellants] has been satisfied." However, several courts have held that appellants have not satisfied the judgment and appellants have provided no evidence that they have paid appellee any amount of the judgment since May 17, 1995. Appellants further argue that relief should be granted pursuant to Civ.R. 60(B)(5) because the judgment "was obtained by a fraud on the Court." We find that Civ.R. 60(B)(5) does not apply because (1) Civ.R. 60(B) already allows for relief from judgment for fraud pursuant to Civ.R. 60(B)(2), and (2) a motion based upon Civ.R. 60(B)(5) "'must be given a narrow application, and the grounds for its use should be substantial, not merely a substitute for an appeal.'" Falk v. Wachs (1996), 116 Ohio App.3d 716, 720, quoting Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66.
Additionally, the long history of this case provides a proper demonstration of why courts rely upon res judicata. "'[P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" State v. Szefcyk
(1996), 77 Ohio St.3d 93, 95, quoting Federated Dept. Stores,Inc. v. Moitie (1981), 452 U.S. 394, 401, 101 S.Ct. 2424, 2429. Appellants have continually attempted to relitigate an issue that was decided by a court in May 1995. As stated by the trial court:
 * * * The principle of res judicata becomes even more significant in this case as (1) the Common Pleas Court of Morgan County has also refused to vacate [appellee's] judgment in this matter, and (2) two Courts of Appeal have reviewed this matter and determined that the trial court judgments were proper.
It would be improper for this court to find that res judicata
does not apply to the present case when considering the fact that other courts have already found that it applies.
Accordingly, after having reviewed the complete record, we find that the trial court did not abuse its discretion in overruling appellants' Civ.R. 60(B) motion for relief from judgment. Appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.
[1] We note that the proper date should nave been February 21, 1997 because the trial court earlier stated in its entry "The Court notes its earlier decision of January 27, 1998, which overruled the initial motion for relief filed May 13, 1996. A review of the record shows that appellants' initial motion for relief filed on May 13, 1996 was overruled by the trial court on February 21, 1997.
[2] We note that appellants' brief apparently addresses the magistrate's February 12, 1998 decision. While considering appellants' "Motion for an Equitable Accounting" filed on December 24, 1997, the magistrate held that "it is legally improper to consider in this garnishment proceeding the proffered testimony and exhibits from the October 1997 trial * * *." Appellants did not file an objection to the magistrate's decision pursuant to Civ.R. 53(D)(3). Further, a review of the record does not show that the trial court adopted, rejected, or modified the magistrate's decision pursuant to Civ.R. 53(D)(4). Additionally, this matter was unrelated to appellants' Civ.R. 60(B) motion filed on February 12, 1998. In fact, there is no evidence that the trial court failed to consider the testimony from the October 1997 trial because appellants included portions of the testimony within their Civ.R. 60(B) motion.