OPINION
This timely appeal arises from the judgment of the Harrison County Court of Common Pleas granting Appellees summary judgment in the amount of fifteen-thousand five-hundred forty-five dollars and seventy one cents ($15,545.71) plus interest on a contingency fee contract for legal services. For the following reasons, we reverse and vacate the decision of the trial court.
On November 3, 1995, Wilbert Kail signed a standard contingency fee contract with Appellees, attorneys Webster M. Lonas and Terrence J. McGonegal, to represent him in connection with a worker's compensation claim arising from an incident which occurred on October 3, 1987. According to the contract, Kail agreed to pay Appellees one-third (1/3) of any and all amounts of compensation recovered. Appellee McGonegal represented Kail at a November 29, 1995 Industrial Commission hearing for permanent total benefits following which Kail was awarded accrued benefits in the amount of sixty-one thousand six-hundred thirty-seven dollars and eleven cents ($61,637.11) as well as weekly benefits. Appellees billed Kail twenty-thousand five-hundred forty-five dollars and seventy-one cents ($20,545.71), one-third of the amount of accrued benefits, pursuant to the contingency fee contract. Kail refused to pay the billed amount and opted to file a fee dispute with the Industrial Commission.
Prior to the fee dispute hearing scheduled for March 18, 1996, Kail tendered a check for five-thousand dollars ($5,000.00) to Appellees and drafted a handwritten settlement agreement which Appellee McGonegal signed. However, Kail was unaware at the time of drafting the settlement agreement that the Industrial Commission had already authorized a lump-sum advance payment of five-thousand seven-hundred dollars ($5,700.00) in attorney fees to Appellees for future benefits secured for Kail. Upon learning of the Industrial Commission's authorization, Kail insisted that the Commission hear the fee dispute.
The Commission held the hearing on May 1, 1996. On May 22, 1996, a staff hearing officer issued his decision, addressed to Kail, which reads in pertinent part as follows:
 "Based upon a review of the claim file and testimony presented it is my opinion that valuable legal services were rendered by the law firm on the claimant's behalf and further that $10,700.00 represents a reasonable legal fee for those services.
 "The law firm extended considerable effort in successfully obtaining a substantial award on your behalf. Evidence of the fee agreement between you and the firm which bears your signature was submitted at hearing. Per that agreement you were legally obligated to pay the firm 1/3 of any accrued awards you might receive. In the instant case that amount would be well in excess of $20,000.00."
Despite the fee dispute decision issued by the Industrial Commission, Appellees filed a breach of contract action on September 9, 1996, over three months after the Commission ruled, alleging that Kail still owed them $15,545.71 pursuant to the contingent fee agreement. On October 24, 1996, Kail filed a motion to dismiss and alternative motion for summary judgment. Kail alleged that the trial court lacked subject matter jurisdiction, that Appellees failed to state a claim upon which relief could be granted and that Appellees failed to join a necessary party. Following pre-trial discovery, including depositions, the court denied Kail's motion on December 20, 1996. On December 30, 1996, Kail answered the complaint admitting that he entered the contingency agreement but denying that it controlled the rights and responsibilities of the parties. In addition to other defenses, Kail raised the affirmative defense that the trial court lacked subject matter jurisdiction.
On January 6, 1997, Appellees filed a motion for summary judgment and the matter was heard on January 22, 1997. At the hearing, Kail was granted an additional two weeks to submit evidence in opposition to Appellees' motion. Kail submitted a supplemental affidavit and attached thereto the letter from Appellee McGonegal advising the Industrial Commission that Appellees had resolved their differences pursuant to the release prepared by Kail.
On April 16, 1997, the trial court filed a judgment entry ruling on various motions, including Appellees' motion for summary judgment. The court stated that the Industrial Commission did not have exclusive jurisdiction to resolve the fee dispute and interpreted the decision of the Industrial Commission's hearing officer to support Appellees' position that Kail continued to owe them the remainder of the fee pursuant to the contingency contract. The court found that the contingency contract was valid and that Kail remained obligated to pay Appellees one third of the total accrued benefits award. Furthermore, the court found that the release signed by Appellee McGonegal was not binding upon the parties as there was no "meeting of the minds" with respect to the agreement. The court explained that Kail believed Appellees would receive only $5,000.00 in exchange for releasing him from further obligation while Appellees believed that they were receiving $10,700.00 for releasing Kail from further obligation.
Inasmuch as Kail failed to pay on the contingency contract which he knowingly entered and that Appellees performed legal services pursuant thereto, the trial court found that there was no genuine dispute of material fact and that Appellees were entitled to judgment as a matter of law. The trial court entered judgment for Appellees in the amount of $15,545.71 plus interest.
Kail filed his notice of appeal on April 18, 1997. During the pendency of this appeal, Wilbert Kail died. Upon notice of death and motion for substitution of party, Emma E. Kail, widow of Wilbert Kail, was substituted as party appellant. Appellant, Emma E. Kail, raises four assignments of error. However, our resolution of the first assignment of error renders moot the remaining assignments of error and is dispositive of all issues therein. We therefore address only Appellant's first assignment of error. App.R. 12(C).
Appellant's first assignment of error alleges:
 "I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION."
Appellant asserts that the trial court should have dismissed Appellees' action for lack of subject matter jurisdiction. Appellant argues that pursuant to R.C. § 4123.06, the Industrial commission has authority to set the fee an attorney may charge in workers' compensation matters. Appellant further argues that pursuant to Ohio Adm. Code 4123-3-24, the Industrial Commission has exclusive jurisdiction to decide fee disputes between a party and his representative and that such decision is binding upon the parties.
The standard of review for determining whether a court has subject matter jurisdiction is whether the complaint raises any cause of action cognizable in that forum. Prosen v. Dimora
(1992), 79 Ohio App.3d 120, 123 quoting Avco Financial ServicesLoan, Inc. v. Hale (1987), 36 Ohio App.3d 65, 67; State ex rel.Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80.
In the present case, Appellees' complaint raises a fee dispute regarding their representation of Kail at a hearing for workers' compensation benefits. Appellees attached to their complaint an agreement which provided that Kail would pay to Appellees a percentage of the total amount of workers' compensation benefits which were obtained by Appellees on his behalf. Appellees alleged in their complaint that Kail "refused" to fully perform his obligation pursuant to the agreement and requested that the court enforce the agreement and require Kail to deliver the balance owing.
Based on the record before us, we must agree with Appellant that the trial court lacked subject matter jurisdiction. Appellee's claim for attorneys' fees was clearly within the exclusive jurisdiction of the Industrial Commission. R.C. §4123.06 states in pertinent part that:
 "The industrial commission shall adopt rules concerning the payment of attorney's fees and shall protect parties against unfair fees. The commission shall fix the amount of fees in the event of a controversy thereto."
Pursuant to the authority granted by the Revised Code, the Industrial Commission adopted Ohio Adm. Code 4121-3-24 which states in pertinent part:
 (B) When a controversy exists between a party and his representative concerning fees for services rendered in industrial claims, either party or the representative may make a written request to the commission to resolve the dispute. The commission shall set the matter for special hearing and inquire into the merits of the controversy. The commission shall fix the amount of a reasonable fee, if any fee be due the representative, and the decision of the commission shall be binding upon the parties to the dispute.
"* * *
 "(D) A `controversy,' as used above, means a dispute between a claimant and his attorney."
Furthermore, the Industrial Commission adopted Ohio Adm. Code4123-3-24 which reads as follows (emphasis added):
 "When a controversy exists between a party and his representative concerning fees for services rendered in industrial claims, either the party or the representative may make a written request to the commission to resolve the dispute. Such request must be completed and filed in accordance with the rules of the industrial commission, the matter being within the exclusive jurisdiction of the industrial commission.
Any such request, if filed with the bureau, shall be referred, forthwith, to the industrial commission for further consideration."
In light of the foregoing statute and rules, it is obvious that any fee dispute is within the exclusive jurisdiction of the Industrial Commission and that any decision with respect to such a dispute is binding upon the parties once the parties choose to take that dispute to the Commission. Other Ohio courts have concluded similarly. In Thornburgh Law Offices v. Erb (Aug. 14, 1998), Miami App. Nos. 98 CA 7, 98 CA 8, unreported, the court concluded that the above statute and rules granted the Industrial Commission exclusive jurisdiction over fee disputes and therefore deprived a municipal court of subject matter jurisdiction. Id., 2. In Julian Kahan Assoc. Co., L.P.A. v. Greathouse, (June 30, 1994), Cuyahoga App. No. 65544, unreported, the court found that an attorney who did not comply with fee dispute provisions of the Revised Code and the Ohio Administrative Code was barred from recovery in the court of common pleas. Id., 3. Likewise, the court in Falk v. Wachs (1996), 116 Ohio App.3d 716, found that fee disputes between claimant and representative were within the exclusive jurisdiction of the industrial commission. Id., 722. InFalk, however, the court of appeals found that the trial court did not lack subject matter jurisdiction for other reasons. Id., 722-723. This exclusive jurisdiction is especially clear where, as here, the parties completely submitted the matter to the Industrial Commission and the Commission rendered a decision after hearing the matter.
For the foregoing reasons, we conclude that the Industrial Commission had exclusive jurisdiction to hear Appellees' claim, and that, therefore, the trial court lacked subject matter jurisdiction to determine the merits of Appellees' complaint. Thus, Appellant's first assignment of error has merit. Further, "[i]t is well settled that a judgment rendered by a court that lacks jurisdiction is void ab initio." Freeland v. Pfeiffer
(1993), 87 Ohio App.3d 55, 58, citing Patton v. Diemer (1988),35 Ohio St.3d 68, 70. Therefore, the judgment of the trial court is hereby reversed and vacated.
We note the decision in Adams v. Fleck (1961), 171 Ohio St. 451, where the Ohio Supreme Court stated:
 "Thus, where a controversy arises as to the amount of an attorney's fee for legal services in asserting and effecting settlement of a claim against the Industrial Commission, such attorney cannot assert a claim for such fee in any amount not fixed therefor by the Industrial Commission in accordance with the provisions of Section 4123.06, Revised Code."
Id., 460. The holding in Fleck clearly permits Appellees in the present case to enforce a favorable decision by the Industrial Commission through a subsequent suit. However, the record is clear that Appellees sought to enforce the original contingency contract without respect to the decision of the Industrial Commission. Although Appellees attached a copy of the Industrial Commission's decision, they made no reference to enforcing that decision. Rather, Appellees' complaint clearly requested that the court order Kail to perform on the contract. In fact, at page six (6) of its April 16, 1997 judgment entry, the trial court stated that, "This Complaint is based in breach of contract." Appellees would have us believe that the hearing officer's decision was not entirely clear, and thus left open the door for full payment. The hearing officer did state in his decision that per the contingency agreement Kail was legally obligated to pay to Appellees one-third of any amount they recovered on his behalf. However, the hearing officer ruled ultimately that the $10,700.00 already received by Appellees constituted reasonable and equitable payment for their services, thus foreclosing Appellees' argument here.
For all of the foregoing reasons, Appellant's first assignment of error has merit and the trial court decision is hereby reversed and vacated. Appellant's remaining assignments of error are moot in light of our ruling herein.
COX, P.J., dissents; see dissenting opinion.
DONOFRIO, J., concurs.
APPROVED:
 ______________________ CHERYL L. WAITE, JUDGE