LONAS et al., Appellees,

v.

KAIL, Appellant.

[Cite as *Lonas v. Kail* (2000), 139 Ohio App.3d 6.]

Court of Appeals of Ohio,
Seventh District, Harrison County.

No. 491.

Decided March 27, 2000.

*Thomakos & Werren* and *Steven G. Thomakos,* for appellees.

*Tate & Renner* and *Richard R. Renner,* for appellant.

---

*Per Curiam.*

On January 25, 2000, this court rendered an opinion in the underlying matter herein. On February 3, 2000, both parties filed additional motions with this court. Appellees' attorneys, Webster Lonas and Terrance McGonegal, filed a motion to certify a conflict. Appellant, Emma E. Kail, has filed what her counsel has styled as an application for reconsideration. She also filed on that date an application for allowance of costs with a supporting affidavit. In the interests of judicial economy, we will address all these motions herein.

As to appellees' motion to certify a conflict, this motion must be denied. Appellees argue that the decision of this court conflicts with the law found in *Falk v. Wachs* (1996), 116 Ohio App.3d 716, 689 N.E.2d 71. Appellees argue that the decision in their case directly conflicts with *Falk* because the *Falk* court ruled that the Medina County Court of Common Pleas had jurisdiction to hear the. plaintiff's suit for payment of attorney fees due and owing in a workers' compensation matter and that the Industrial Commission did not have exclusive jurisdiction to hear the matter. Appellees argue that because this court found that the Industrial Commission had exclusive jurisdiction to hear their fee dispute, our decision conflicts with that of the Ninth District in *Falk.*

Appellees are in error in this argument. Had they read *Falk* more closely, they could have determined that it was based on a factual situation that was

8

wholly inapplicable to the factual situation this court was presented with in their own matter. In fact, the *Falk* holding comports with our own in every respect.

In the case decided by us, appellees and their client were engaged in a fee dispute as to the amount appellees were owed. The client, Kail, opted to file the dispute with the Industrial Commission. Pursuant to R.C. 4123.06 and Ohio Adm.Code 4121–3–24, the commission held a hearing on the dispute and a staff hearing officer issued a decision. Despite this prior adjudication, appellees filed suit against their client in the common pleas court over three months after the commission ruled on the matter. We held that based on the clear language of the statute and the Administrative Code enacted pursuant to statute, once the parties submitted their fee dispute to the Industrial Commission, the commission had exclusive jurisdiction over the matter. We did *not* rule that the commission had sole jurisdiction to hear *all* fee disputes; our decision was based on the fact that both parties invoked the jurisdiction of the commission and obtained a decision before seeking a second adjudication through the courts. Once the commission is vested with jurisdiction, that jurisdiction becomes exclusive.

Importantly, headnote eight of *Falk* states:

"Court of Common Pleas had subject matter jurisdiction over attorney's claim against workers' compensation program administrator for negligent and wrongful distribution of settlement check directly to client, *where attorney's entitlement to fee and its amount were not disputed.*" (Emphasis added.)

In *Falk*, the attorney had negotiated a workers' compensation settlement with the representation for the self-insured employer. The client had agreed to pay one-third of this settlement as attorney fees. The employer representative sent the full settlement check directly to the client, even though it knew of the attorney's involvement. The client failed to pay the attorney his fee, and the attorney filed suit against both the client and the employer representative in common pleas court. No party sought to utilize the Industrial Commission's fee dispute procedure. At a motion-to-vacate hearing following default against the employer representative and client, these parties argued, among other things, that the court had no jurisdiction to hear the matter. They based this argument on R.C. 4123.06 and the commission's jurisdiction to hear fee disputes and relied, as did our current appellant, on *Julian Kahan & Assoc., L.P.A. v. Greathouse* (June 30, 1994), Cuyahoga App. No. 65544, unreported, 1994 WL 317778.

In holding that the common pleas court had jurisdiction, *Falk* limited its holding specifically to the facts of that case. After discussing the administrative code provision and its history, the court stated:

"[Employer representative] has not demonstrated how either the statute or the administrative regulations mandate exclusive jurisdiction before the Industrial

Commission according to the facts in the case *sub judice*. While the statute grants the commission broad authority to prevent the exploitation of claimants, it mandates specific attorney fee approval procedures only where there is a fee controversy and with respect to services rendered in securing a lump-sum payment under R.C. 4123.64; this case involves a final settlement agreement with a private self-insured employer under R.C. 4123.65.

"Moreover, the language of the Administrative Code and the statute is plain on its face; it is intended to address only disputes 'between a party and his representative'; '[t]he fee controversy has to be between the attorney and his client.' *Sonkin & Melena Co., L.P.A. v. Zaransky* (1992), 83 Ohio App.3d 169, 178, 614 N.E.2d 807, 813. The doctrine of standing requires a litigant to be in the proper position to assert a claim, and the party's inquiry must be within the zone of interest intended to be protected or regulated by statute. See *Taylor v. Academy Iron & Metal Co.* (1988), 36 Ohio St.3d 149, 152, 522 N.E.2d 464, 467. GatesMcDonald, as a third-party administrator representing a self-insured employer, would not appear to have standing in the resolution of a fee dispute between a claimant and his representative." *Falk*, at 722, 689 N.E.2d at 75.

The *Falk* court goes on to state that while the Administrative Code provides an option where a party "may" request the commission to resolve a fee dispute, the dispute must center around "fee controversies." Discussing *Kahan, supra*, the court stated that in *Kahan*, the dispute was between a client and his lawyer over fees, was submitted to the commission prior to court action for resolution, and the commission "issued a binding ruling." *Falk*, at 723, 689 N.E.2d at 75–76. Thus, for matters between attorneys and their clients that involve fee disputes, when a party seeks the commission's jurisdiction for resolution such jurisdiction becomes exclusive.

Had appellees here read *Falk* in its entirety, they would easily have seen that *Falk* entirely supports the decision of this court rendered in their own appellate proceeding. For all of the foregoing, we must overrule appellees' motion to certify conflict as no conflict exists.

 Moving to appellant's motions, appellant has first filed what is styled as an "Application for Reconsideration." It is immediately apparent to the court that appellant does not seek an App.R. 26 reconsideration of the matter, especially as appellant prevailed on appeal. Appellant really seeks to have this court release certain funds held on appeal by the Clerk of Courts for Harrison County. Appellant seeks the release of three different funds:

1. Appellant seeks the release of a pre-judgment attachment of $15,545.17 ordered held on April 23, 1997 by this court;

2. Appellant seeks the return of monies paid into the trial court on deposit for a jury demand; and

3. Appellant seeks the return of an additional $10,000 bond ordered posted by this court on April 23, 1997.

As to the above, this court orders that the prejudgment attachment of $15,545.17 which we ordered to be held by the Clerk and the $10,000 ordered as additional bond by us on April 23, 1997 be released to appellant. As to any monies being held pursuant to action solely in the trial court, appellant must seek relief from that court.

Appellant has also filed a request for certain monies that she believes are due her as costs in this matter. An award of costs is governed by App.R. 24. Each party must bear his or her own costs except for certain specified expenses. Pursuant to this rule, appellant is entitled to the following:

1. Filing fee of $50;

2. Transcript filing fee of $35; and

3. Transcript preparation fee of $580.

Appellant is thus entitled to receive from appellees $665 under rule.

Based on the foregoing, it is hereby ordered that appellees' motion to certify a conflict is denied; appellant is ordered to have returned to her $15,545.17 in prejudgment monies attached by the trial court and ordered retained by the Clerk of Courts by us on April 23, 1997; appellant is ordered to have returned to her the $10,000 bond posted on appeal; and appellant is awarded the sum of $665 as costs to be paid by appellees.

*Judgment accordingly.*

Cox, P.J., Waite and Gene Donofrio, JJ., concur.