DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Sam and Amy Saah (collectively referred to as the "Saahs"), appeal an order of the Lorain County Court of Common Pleas denying their motion for relief from judgment. We affirm.
On or about March 26, 1996, appellee, Walnut Equipment Leasing Company, Inc. ("Walnut") obtained a confession of judgment against the Saahs in Delaware County, Pennsylvania.
The judgment related to an alleged breach of a leasing agreement between Willowick Food and Beverage ("Willowick") and Walnut relating to video surveillance equipment. The Saahs were the sole shareholders of Willowick and had signed a guaranty agreement agreeing to be personally liable for lease payments. This guaranty agreement designated Pennsylvania as the governing body "for any and all claims and disputes" arising out of the lease agreement.
The Pennsylvania judgment was filed as a foreign judgment in the Lorain County Court of Common Pleas on or about August 2, 1999. Service was made on the Saahs on August 5, 1999. The trial court issued an order on September 9, 1999 granting full, faith, and credit to this judgment.
On December 20, 1999, the Saahs filed a motion for relief from the foreign judgment which was denied by the trial court on April 10, 2000. The Saahs timely appealed.
The Saahs raise three assignments of error. Since all three raise similar issues, this Court will address them together.
 Assignment of Error No. 1 THE TRIAL COURT ERRED IN DENYING THE APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT, WHEN THE APPELLANTS TIMELY PRESENTED MERITORIOUS DEFENSES.
 Assignment of Error No. 2 THE TRIAL COURT ERRED IN DENYING THE APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT, WHEN THE ORIGINAL COGNOVIT JUDGMENT WAS NOT OBTAINED IN THE COUNTY OF APPELLANTS' RESIDENCE NOR IN THE COUNTY WHERE THE AGREEMENT WAS SIGNED.
 Assignment of Error No. 3 THE TRIAL COURT ERRED IN DENYING THE APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT, WHEN THE CONFESSION OF JUDGMENT DID NOT CONTAIN THE WARNING LANGUAGE MANDATED BY OHIO LAW.
The Saahs argue in their three assignments of error that the trial court should have granted their Civ.R. 60(B) motion. We disagree.
To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
The appropriate standard for our review of a Civ.R. 60(B) determination is abuse of discretion. Quebodeaux v. Quebodeaux (1995),102 Ohio App.3d 502, 504, 657 N.E.2d 539. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 667, appeal not allowed (1995), 72 Ohio St.3d 1530.
 The Saahs have invoked the fifth, "catch-all" category under Rule 60(B), "any other reason justifying relief from the operation of the judgment." As this Court has previously explained in Falk v. Wachs (1996), 116 Ohio App.3d 716:
 Such a motion must be given a sparse application and the grounds for its use should be substantial, not merely a substitute for an appeal. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. A Civ.R. 60(B)(5) motion is not necessarily limited to one year from the date of judgment, as are the first three grounds, but it must be brought "within a reasonable time."
 The determination as to what constitutes a "reasonable time" is left to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of that discretion. Miamisburg Motel v. Huntington Natl. Bank (1993), 88 Ohio App.3d 117; see, e.g., Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 20 (movant met timeliness requirement when filed only one day after learning of default judgment); Michael D. Tully Co., L.P.A. v. Dollney (1987), 42 Ohio App.3d 138 (motion filed thirty-six days after default judgment was timely).
Courts have held that unjustified delays of various amounts less than a year were untimely. See, e.g., Larson v. Umoh (1986), 33 Ohio App.3d 14,17 (motion untimely where filed seventy-two days after entry of judgment and fifty-three days after learning of the action); Mount Olive BaptistChurch v. Pipkins Paints (1979), 64 Ohio App.2d 285, 289 (an unjustified four-month delay necessarily precludes relief from a money judgment).Hall v. Paragon Steakhous (July 26, 2000), Lorain App. No. 99CA007443, unreported, appeal not allowed (2000), 90 Ohio St.3d 1468 (determining that a seven month delay was unreasonable). Even for the first three grounds of Civ.R. 60(B), where the rules provide for up to one year from a judgment in which to file, where a party learns of grounds to set aside a judgment within a month of that judgment, but waits until the last day before the year is up, the motion may be considered to have been brought too late. Falk, supra; Staff Notes, Civil Rule 60(B). See, also, Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 106.
The Saahs have not offered any reasons why their motion, filed over three years after judgment was initially entered in Pennsylvania and four and one-half months after the Saahs acknowledged they learned of the judgment, should be considered timely. "In the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet its burden of establishing the timeliness of the motion." Id., citing, Youssefi v. Youssefi (1991), 81 Ohio App.3d 49, 53.
The Saahs on appeal ask this Court to presume timeliness because it was filed within four and one-half months of the trial court's judgment. Since the Saahs have not demonstrated how their motion is timely, other than by making a blanket assertion of timeliness on appeal, we find the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. See Hall v. Paragon Steakhouse (July 26, 2000), Lorain App. No. 99CA007443, unreported, appeal not allowed (2000), 90 Ohio St.3d 1468.
The Saahs' assignments of error one through three are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR