This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Rita J. Haley, appeals a decision of the Summit County Court of Common Pleas, Domestic Relations Division, which denied her motion for relief from judgment. This Court affirms.
 I.
Appellant and appellee, Leo J. Haley, Jr., were married in June 1991. On June 23, 2000, the parties filed the following documents with the Summit County Court of Common Pleas, Domestic Relations Division: (1) an affidavit of income, expenses, and property; (2) a petition for dissolution of marriage, with a separation agreement attached. The trial court issued a decree of dissolution of marriage in August 2000.
On March 21, 2001, appellant filed a motion for relief from judgment. The trial court denied appellant's motion on substantive grounds, holding that appellant failed to allege sufficient facts to entitle her to relief under Civ.R. 60(B). In denying the motion, the trial court focused on appellant's failure to allege a lack of knowledge of the nature and extent of the marital assets and appellant's express concurrence in the property provisions of the separation agreement.
Appellant timely appealed and has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WHERE THE SEPARATION AGREEMENT AND THE AFFIDAVIT OF INCOME, EXPENSES PROPERTY FILED WITH THE COURT OMITED ASSETS THAT WERE BOTH SUBSTANTIAL IN RELATIVE AMOUNT AND MATERIAL TO AN INFORMED AND DELIBERATE AGREEMENT ABOUT AN EQUITABLE DIVISION OF PROPERTY.
Appellant argues that the trial court erred in denying her motion for relief from judgment. This Court disagrees.
"Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order." In re Whitman (1998),81 Ohio St.3d 239, 242. Civ.R. 60(B)(5) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
To prevail on a Civ.R. 60(B) motion, the moving party has the burden of establishing three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
An appellate court reviews a decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Quebodeaux v. Quebodeaux (1995),102 Ohio App.3d 502, 504. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
Appellant has invoked the fifth, "catch-all" category under Rule 60(B), "any other reason justifying relief from the operation of the judgment." As this Court has previously explained in Falk v. Wachs
(1996), 116 Ohio App.3d 716, 720:
 Such a motion must be given a sparse application and the grounds for its use should be substantial, not merely a substitute for an appeal. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. A Civ.R. 60(B)(5) motion is not necessarily limited to one year from the date of judgment, as are the first three grounds, but it must be brought "within a reasonable time."
Courts have held that unjustified delays of various amounts less than a year were untimely. See, e.g., Larson v. Umoh (1986), 33 Ohio App.3d 14,17 (motion untimely where filed seventy-two days after entry of judgment and fifty-three days after learning of the action); Mount Olive BaptistChurch v. Pipkins Paints (1979), 64 Ohio App.2d 285, 289 (an unjustified four-month delay necessarily precludes relief from a money judgment);Hall v. Paragon Steakhouse (July 26, 2000), Lorain App. No. 99CA007443, unreported, appeal not allowed (2000), 90 Ohio St.3d 1468 (determining that a seven month delay was unreasonable). Even for the first three grounds of Civ.R. 60(B), when the rules provide for up to one year from a judgment in which to file, when a party learns of grounds to set aside a judgment within a month of that judgment, but waits until the last day before the year is up, the motion may be considered to have been brought too late. Falk, supra; Staff Notes, Civil Rule 60(B). See, also, Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 106.
In this case, appellant filed her motion for relief from judgment more than six months after judgment was initially entered. Yet, appellant did not address the reasonableness of the delay in bringing her motion in her briefs to the trial court or this Court. No discussion is presented concerning when appellant learned of her alleged grounds underlying her motion, and no mention of circumstances excusing the delay is offered to meet the procedural requirements of the rule. This Court has stated that "[t]he burden is on the moving party to justify any delays in submitting the request for relief." La Pointe v. Ohio Freight Forwarders (Nov. 13, 1991), Summit App. No. 15083, unreported (rejecting motion filed after an unexplained delay of three-hundred and sixty-one days), citing Haendigesv. Windenmeyer Elec Constr. Co. (1983), 9 Ohio App.3d 37, 38. The Eleventh District Court of Appeals has explained this burden:
 [T]he movant has the burden of proof, and "must submit factual material which on its face demonstrates the timeliness of the motion." * * * To sustain this burden, "good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that she is filing [her] motion within a reasonable period of time."
(citations omitted.) (alterations in original.) Fouts v. Weiss-Carson
(1991), 77 Ohio App.3d 563, 566, quoting Adomeit, supra at 103. "In the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet its burden of establishing the timeliness of the motion." Youssefi v. Youssefi (1991), 81 Ohio App.3d 49,53, citing Old Phoenix Natl. Bank v. Sandler (1984), 14 Ohio App.3d 12,14. Given the absence of such a demonstration, appellant failed to satisfy her burden that her motion was timely filed and her motion was untimely. Appellant's assignment of error is overruled.
 III.
For the foregoing reasons, the judgment of the trial court is affirmed, albeit for different reasons than expressed by that tribunal.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.