[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 486.]

ROWAN; LAKE COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, APPELLANT,

*v.* ROWAN; TEKAVEC, APPELLEE.

[Cite as *Rowan v. Rowan*, 1995-Ohio-110.]

*Domestic relations—Child-support arrearages—Attorney fees—Trial court's deduction of attorney's contingent fee from a lump-sum workers' compensation payment does not offend R.C. 4123.67 or 3113.21.*

A trial court's deduction of an attorney's contingent fee from a lump-sum workers' compensation payment does not offend R.C. 4123.67 or 3113.21.

(No. 94-328—Submitted April 19, 1995—Decided July 12, 1995.)

APPEAL from the Court of Appeals for Lake County, No. 93-L-044.

APPEAL from the Court of Appeals for Lake County, No. 93-L-044.

————————————

{¶ 1} Attorney James W. Tekavec ("Tekavec"), appellee, represented Edwin Rowan, Jr. before the Bureau of Workers' Compensation ("Bureau") concerning permanent partial disability benefits. The two entered into a contingent fee agreement, stipulating that Tekavec would receive one third of any award Edwin received on the claim. The Bureau awarded Edwin a lump-sum payment in the amount of $3,139.52.

{¶ 2} Pursuant to its duties under former R.C. 3113.21(D)(2)(b)(iii), the Bureau informed the Lake County Child Support Enforcement Agency ("LCCSEA"), appellant, of the lump-sum payment awarded to Edwin. On April 6, 1992, LCCSEA notified the Lake County Common Pleas Court that Edwin owed a child support arrearage of $4,679.68 and moved the court to order that the lump-sum payment be conveyed to LCCSEA to be applied to the arrearage. The court granted the motion to convey later that day.

**{¶ 3}** On April 30, Tekavec moved to intervene in the proceedings in order to assert his right to his agreed fee in the amount of one third of the total lump-sum payment, $1,046.50. Tekavec also moved for a temporary restraining order preventing LCCSEA from dispersing the payment to Donna Rowan. The court granted both of Tekavec's motions on May 1. Thereafter, LCCSEA, on behalf of Donna, moved to dismiss Tekavec's motions and to vacate the temporary restraining order.

**{¶ 4}** Following a hearing, a referee recommended that LCCSEA's motions be denied and that LCCSEA be ordered to release to Tekavec that portion of the lump-sum payment representing his fee. The trial court rejected LCCSEA's objections to the referee's report and adopted the referee's recommendations in full. LCCSEA then appealed to the Lake County Court of Appeals, which affirmed the trial court's decision.

**{¶ 5}** The cause is now before this court upon a discretionary appeal.

_____

*Charles E. Coulson*, Lake County Prosecuting Attorney, *Ariana E. Tarighati* and *Patricia A. Karle*, Assistant Prosecuting Attorneys, for appellant.

*James W. Tekavec, pro se.*

*Stewart Jaffy & Associates Co., L.P.A*., and *Marc J. Jaffy*, urging affirmance for *amicus curiae* , Ohio Academy of Trial Lawyers.

_____

**COOK, J.**

**{¶ 6}** In this case, we must determine whether the statutes governing the payment of child-support arrearages from workers' compensation awards prohibit the deduction of attorney fees from such awards. We hold that a trial court's deduction of an attorney's contingent fee from a lump-sum workers' compensation payment does not offend R.C. 4123.67 or 3113.21.

{¶ 7} In its only proposition of law, LCCSEA relies on R.C. 4123.67 and 3113.21 to argue that a trial court may not award attorney fees from a lump-sum workers' compensation payment. We, therefore, consider each of these statutes in turn.[1]

{¶ 8} R.C. 4123.67 provides in pertinent part, "Except as otherwise provided in sections 3111.23 and 3113.21 of the Revised Code, compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to the claimants or their dependents." For the following reasons, we do not find that this provision prevents the trial court from ordering payment of Tekavec's contingent fee.

{¶ 9} R.C. 4123.67 precludes the Bureau from paying a claimant's unpaid, pre-existing debts through attachment proceedings. The statute not only relieves the Bureau from the processing of such attachments, but also ensures that the awards are initially available to the claimant or his dependents. In situations of child support arrearages, the Bureau transfers lump-sum awards to the jurisdiction of the common pleas court pursuant to statute. The trial court then exercises its jurisdiction to order payment of the arrearages from the lump-sum award. R.C. 4123.67 does not limit what a trial court may order with respect to a lump-sum award. R.C. 4123.67 does not preclude a court from reducing a lump-sum award by the amount necessary to satisfy a claimant's voluntary agreement to pay the attorney whose efforts generated the award. Thus, we conclude that a trial court's deduction of an attorney's contingent fee from a lump-sum workers' compensation payment does not offend R.C. 4123.67.

{¶ 10} LCCSEA also relies on R.C. 3113.21, which directly applies to situations in which workers' compensation payments are required to be applied

---

1. Throughout our discussion of this case, we consider the relevant provisions of R.C. 3113.21 as they existed at the time the lump-sum payment was awarded herein.

toward satisfaction of child-support arrearages. The portions of R.C. 3113.21 relevant to this appeal require trial courts to order that workers' compensation benefits be paid directly to a child-support enforcement agency in order to satisfy a claimant's unpaid child-support obligations. R.C. 3113.21(H)(3)(a)(i) provides the following: "If the obligor is in default under the support order or has any unpaid arrearages under the support order, [the court must] issue an order requiring the transmittal of the lump-sum payment to the child support enforcement agency."

{¶ 11} LCCSEA argues that the foregoing language expressly requires a trial court to apply the entire lump-sum workers' compensation award toward payment of a child-support arrearage. We disagree. R.C. 3113.21(D)(2) outlines the process by which workers' compensation benefits are withheld for the purpose of paying a claimant's child support obligations. As occurred in this case, R.C. 3113.21(D)(2)(b)(iii) requires that, upon the court's order, the Bureau must notify the child support enforcement agency when a lump-sum workers' compensation payment of $500 or more is to be paid to the claimant/obligor. After such notification, the Bureau must "hold the lump-sum payment for thirty days after the date on which the lump-sum payment otherwise would be paid to the obligor, and, *upon order of the court, pay any specified amount of the lump-sum payment* to the [child support enforcement] agency." (Emphasis added.) R.C. 3113.21(D)(2)(b)(iii). Under the foregoing provision, a trial court is not prohibited from recognizing an attorney's contractual right to collect a portion of a workers' compensation lump-sum award as payment for the attorney's efforts in obtaining the award.

{¶ 12} We find support for this interpretation in other provisions of R.C. 3113.21(D)(2). For example, R.C. 3113.21(D)(2)(c) requires the following: "If the obligor's workers' compensation benefits are being paid by an employer, the order issued by the court also shall indicate that *the employer may withhold a fee from the obligor's benefits as a charge for its services in complying with the order and*

4

*shall specify the amount that may be withheld*." (Emphasis added.) Under this provision, the court determines not only the amount of the claimant's workers' compensation benefits that must be withheld for child-support payments, but also the amount that must be paid to the employer in recognition of the costs the employer incurred in processing the payment.

{¶ 13} We do not find that allowing attorneys to recover contingent fees from workers' compensation awards obtained through their efforts offends the public policy underlying R.C. 3113.21.  In fact, in a very practical way, it furthers the statute's ultimate goal.  Permitting attorneys to be paid for their services in obtaining lump-sum awards encourages the pursuit of legitimate workers' compensation claims that will ultimately benefit children who receive child support. Furthermore, potential claimants will be more likely to seek workers' compensation payments that ultimately will be paid to a child-support enforcement agency if they know that their attorney's fees will be paid from the award.  With the benefit of an attorney's expertise, claimants should receive the appropriate compensation and avoid mistakes in the processing, and, therefore, more child support should be recovered.

{¶ 14} While we are sensitive to the state's substantial interest in satisfying the total amount of a child support arrearage, we point out that, even allowing the payment of attorney fees, the objective of R.C. 3113.21 is met.  Based on the contingent fee agreement, Edwin Rowan was entitled to only two thirds of the lump-sum award, and under our interpretation, that entire amount is directed to the payment of past-due child support. Thus, we find that the welfare of children is better served by encouraging attorneys to assist clients with workers' compensation claims.

{¶ 15} For reason of the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., concurs in the syllabus and judgment only.

_____

**WRIGHT, J., concurring.**

{¶ 16} I agree with the majority that a reasonable reading of R.C. 3113.21(D)(2)(b)(iii) provides a trial court with the discretion to award attorney fees that were earned in connection with securing a lump-sum workers' compensation award. I write separately because I believe that judges need some guidance as to the amount of fees to award.

{¶ 17} R.C. 3113.21(D)(2)(c) provides courts with a procedure to follow in allowing an obligor's employer, who is paying workers' compensation benefits, to withhold a fee for complying with the court's order to convey the benefits to the child-support agency. However, the statute is silent on providing a procedure for judges to follow in paying attorney fees out of the lump-sum award. Such a provision is present in the regulations of the Industrial Commission. The applicable regulation provides that in order to receive a lump-sum attorney fee, an attorney must submit an application documenting the services he provided, as well as the fee he is requesting. Ohio Adm.Code 4121-3-10(B)(2)(a). Upon receipt of the application, the Industrial Commission "may approve, disapprove or modify application for a lump sum payment to pay such attorney fees, and may allow the payment of a reasonable fee after review of the application and the supporting evidence." Ohio Adm.Code 4121-3-10(B)(2)(b). However, because Ohio Adm.Code 4121-3-10(B)(2) does not apply to the allowance of attorney fees pursuant to R.C. 3113.21(D)(2)(b)(iii) judges are left with no guidance as to the amount of attorney fees to award. In the interest of judicial restraint, I am pleased that the majority does not take the step of setting forth guidelines governing this area. Instead, I believe that is the proper role of the General Assembly, and I urge our legislature to modify R.C. 3113.21 to provide appropriate guidance. Preferably

6

that guidance will be consistent with the Industrial Commission regulations, so that whether the appropriate amount of attorney fees for a lump-sum workers' compensation award is determined inside or outside the Industrial Commission, the standard under which that determination is made will be the same.

_____