OPINION
On September 9, 1994, appellees, Catherine and Terry Hollandsworth, were granted a decree of divorce. Appellee Terry was ordered to pay $42.00 per week for each of the parties' three children. Appellee Catherine was represented by the Ashland County Child Support Enforcement Agency (hereinafter "C.S.E.A.").
In July of 1995, appellee Terry was injured in a work related accident. Appellee Terry filed a claim for workers' compensation and was represented by appellant, Attorney Jacob Pruitt.
On December 19, 1996, appellant sought to intervene in appellees' divorce case in order to protect his interest in the workers' compensation benefits distributed to appellee Terry in exchange for his legal services. By order filed December 20, 1996, the trial court allowed appellant to intervene. Appellant filed his complaint on December 29, 1996 seeking one third of all benefits paid. By order filed same date, the trial court apportioned the benefits, one-third to appellant and two-thirds to C.S.E.A. to the extent of appellee Terry's child support obligation. Said order was signed by all the parties.
On September 15, 1997, the trial court issued a judgment entry and ordered a lump sum benefits payment of $7,705.03 due appellee Terry be paid to C.S.E.A. to be applied to appellee Terry's child support arrearage. Any remaining funds were to be returned to appellee Terry.
On October 31, 1997, appellant filed a motion to show cause against C.S.E.A. for C.S.E.A.'s failure to apportion appellee Terry's benefits. A hearing before a magistrate was held on November 17, 1997. By decision filed November 18, 1997, the magistrate found C.S.E.A. intercepted $7,705.03 of a $35,000 lump sum payment. The remaining money went to appellee Terry. The magistrate found C.S.E.A. was not obligated to give one-third of the $7,705.03 to appellant because the trial court's September 15, 1997 order superseded the trial court's December 20, 1996 order. The magistrate found appellant's recovery should be from appellee Terry, and dismissed appellant's show cause motion.
On December 2, 1997, appellant filed objections to the magistrate's decision. By opinion and judgment entry filed January 8, 1998, the trial court overruled appellant's objections and approved and adopted the magistrate's decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN FAILING TO FIND THE ASHLAND COUNTY C.S.E.A. IN CONTEMPT OF COURT FOR THE C.S.E.A.'S REFUSAL TO OBEY THE COURT'S DECEMBER 20, 1996 ORDER WHICH DIRECTED THE C.S.E.A. TO APPORTION BETWEEN THE TWO PLAINTIFFS IN THIS CASE ALL B.W.C. BENEFITS RECEIVED BY THE C.S.E.A. FROM THE B.W.C. CLAIM OF DEFENDANT-APPELLEE, BASED UPON THE TRIAL COURT'S ERRONEOUS FINDING THAT ITS ORDER DIRECTED TO THE C.S.E.A. TO APPORTION WORKERS' COMPENSATION BENEFITS BETWEEN PLAINTIFFS WAS MODIFIED BY ITS LATER ORDER DIRECTED TO THE B.W.C. TO INTERCEPT AND TRANSMIT B.W.C. FUNDS TO THE C.S.E.A.
 I
Appellant claims the trial court erred in finding its December 20, 1996 order no longer valid given its transmittal order of September 15, 1997. We agree.
By judgment entry filed December 20, 1996, the trial court ordered C.S.E.A. to apportion between appellee Catherine and appellant appellee Terry's workers' compensation benefits from claim no. 95-477815 according to the following formula:
 one-third of all said monies are to be paid to plaintiff, Jacob E. Pruitt, Esq., 193 East Whittier Street, Columbus, Ohio 43206; the remaining two-thirds of said monies are to be paid to Ashland County Child Support Enforcement Agency, P.O. Box 727, Ashland, Ohio, 44805, to the extent of defendant's then remaining child support obligations.
Said order appears to be an agreed entry as the signatures of all the parties appear on its face. Furthermore, no appeal of this order was taken. All parties concur the September 15, 1997 transmittal order of the lump sum payment was from appellee Terry's workers' compensation claim which was the subject of the 1996 apportionment order. Because the 1997 transmittal order did not provide for the apportionment of the benefits per the 1996 order, appellant filed a show cause order against C.S.E.A. for failure to follow the 1996 apportionment order.
Upon review, the trial court found the 1997 transmittal order superseded the 1996 apportionment order, found the case of Rowanv. Rowan (1995), 72 Ohio St.3d 486, did not apply to the facts subjudice and it was within the trial court's discretion to change the child support disbursement orders. Under the theory of resjudicata, we find the trial court's decision to be in error. InGrava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."
Because the 1996 apportionment order was an agreed order between the parties, appellant was not served or granted notice of the 1997 transmittal order and no appeal was taken from the 1996 apportionment order, we find the doctrine of res judicata to be applicable sub judice. The trial court erred in denying the show cause order and in refusing to order C.S.E.A. to apportion one-third of the lump sum benefits from the 1997 transmittal order to appellant.
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed.