JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant John Szymczak (husband) appeals the trial court's ruling that funds released to him in bankruptcy proceedings were payable to plaintiff-appellee without deduction of his attorney's contingency fee. Plaintiff-appellee is Arlene Szymczak (wife), appellant's former spouse.
{¶ 2} Husband and wife were in their fifties when they divorced. Husband owned a number of companies and the couple had a high lifestyle during their thirty-three years of marriage. Judgment Entry, Domestic Relations Court, October 27, 1993 at 2. In the divorce settlement, husband was awarded all the businesses and ordered to transfer the marital home to the wife, but remain responsible for the mortgages on it; transfer her car; pay her $468,856.00 in part as a lump sum and in part as monthly payments; and obtain a life insurance policy. His debt was to be secured by the businesses and a pledge of corporate stock of those businesses. Wife also was to receive alimony of $5,000.00 per month until her death or remarriage. Additionally, she was awarded $38,350.00 in back spousal support and $78,349.00 "as and for legal fees and expenses," which were deemed "support in nature." Id. at 8.
{¶ 3} Husband subsequently declared bankruptcy, both personally and for many of his businesses. Royal Packaging Company, the business pertinent to this action, filed a Chapter 11 bankruptcy petition in January of 1994 with husband operating the company as debtor in possession. Although able to pay the other employees, he states he was not able to pay himself any salary.
{¶ 4} In September of 1994, after Royal Packaging was sold for enough money to cover his back wages, husband filed a proof of claim in Bankruptcy Court for his unpaid wages and hired an attorney on a contingency basis to pursue his claim. Although the trustee opposed his claims, the bankruptcy court ruled that husband was entitled to $23,000 in back pay.
{¶ 5} Because husband had failed to pay the $38,000.00 in back support and $78,000.00 in attorney fees and expenses (deemed support), previously ordered by domestic relations court, wife filed a complaint in the general division for a creditor's bill against him.[1] Wife then obtained a judgment attaching that back pay. That judgment is the subject of this action.
{¶ 6} Husband opposed her attachment of the funds, both parties filed motions for summary judgment, and the court granted partial summary judgment in favor of the wife. Husband's first appeal was dismissed for lack of a final appealable order. The trial court then amended its judgment as followed: "Clerk of courts is ordered to distribute the sum of $12,094.20 to plaintiff Arlene Szymczak in the care of her counsel John Dyer III; and the sum of $8,063.38 to defendant John D. Szymczak in care of counsel David Shillman." Judgment Entry of December 21, 2000.
{¶ 7} In this second appeal, husband states one assignment of error.
 {¶ 8} "I. THE TRIAL COURT ERRED IN DISREGARDING THE EQUITABLE LIEN FOR ATTORNEY FEES CREATED BY THE DEFENDANT'S CONTINGENT FEE AGREEMENT WITH HIS ATTORNEY."
{¶ 9} Rule 56(C) of the Ohio Rules of Civil Procedure provides that summary judgment is proper only if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, such evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267. Under the Rule and the controlling case law of this state, the moving party must support the motion with affirmative evidence in order to meet his burden of proving that no genuine issue of material fact exists for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264; Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, 510 N.E.2d 1108.
{¶ 10} We review the order granting summary judgment de novo. Summary judgment should not be granted if the facts are subject to reasonable dispute. The improper grant of summary judgment precludes a jury's consideration of a case, and should, therefore, be used sparingly, only when reasonable minds can come to but one conclusion. Shaw v. Central Oil Asphalt Corp. (1981), 5 Ohio App.3d 42, 44, 449 N.E.2d 3.
 {¶ 11} Although the trial court's judgment entry stated that wife's "status takes priority over subsequent status holders such as defendant's attorney[,]" it provides no reason for this decision.[2]
No statute exists establishing an attorney's lien on a judgment: attorney liens are equitable in nature. "Ohio recognizes two types of attorney liens: (1) general, or retaining liens, and (2) special, or charging liens." Putnam v. Hogan (1997), 122 Ohio App.3d 351, 353, citing Fire Protection Resources, Inc. v. Johnson Fire Protection, Co. (1991), 72 Ohio App.3d 205, 209, 594 N.E.2d 146, citing Foor v. Huntington Natl. Bank (1986), 27 Ohio App.3d 76, 499 N.E.2d 1297.
{¶ 12} When an attorney retains the property of his client or his work product in the client's case as collateral for payment of his fees, he has a retaining lien against his client. A charging lien, on the other hand, is a lien against the judgment the client has been awarded. Putnam at 354. This court has previously explained the attorney's right to a charging lien:
 {¶ 13} "Ohio Courts recognize an attorney's equitable right to enforce such a lien:
 {¶ 14} "`The right of the attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment obtained by him, and is upheld on the theory that his services and skill created the fund. Although there is no provision in the Code creating or recognizing the right of an attorney to a lien as security for payment of compensation for his services, it is plain from a long line of decisions by the courts of this state that the right exists, and in proper cases the courts will lend their aid to maintain and enforce it.'
{¶ 15} "`* * *
 {¶ 16} "`A special or charging lien may be created by an express agreement on the part of the client that the attorney shall have a lien for his compensation on the amount recovered.'"
Mancino v. City of Lakewood (1987), 36 Ohio App.3d 219, 224, quoting 9 Ohio Jurisprudence 3d (1978), Attorneys at Law, Section 155, at 690.
{¶ 17} Some courts have held that an express agreement between the attorney and client is necessary for an enforceable lien. Minor Child of Zentack v. Strong (1992), 83 Ohio App.3d 332, 335, 614 N.E.2d 1106. In the case at bar, the attorney and client executed an agreement in writing promising 50% of "whatever sum may be paid or distributed on said Claim No. 73 by the Trustee in Bankruptcy of Royal Packing Company" to the attorney for his work on the case. Contingency Fee Agreement dated September 14, 1996. Additionally, the agreement expressly states that:
 {¶ 18} "[t]he Attorney is hereby granted a lien on all funds recovered to secure payment of attorney fees and litigation expenses. The Attorney is authorized to deduct all unpaid attorney fees and litigation expenses from any funds of the Client which come into his hands, including the proceeds of any recovery on the Client's claim * * *."
Id. at 2.
{¶ 19} Appellee argues that Mancino states that the court will enforce a charging lien only "in proper cases." Appellee then draws our attention to a charging lien that the court did not enforce in Zentack precisely because the attorney failed to provide the court with a copy of any contract between the attorney and the client. Quoting Mancino, the Zentack court noted an exception when a contract has been made:
 {¶ 20} "While, before judgment, an attorney has no lien upon or interest in the cause of action, in the absence of statute, yet where the parties have contracted that the attorney shall receive a specified amount of the recovery, such agreement will operate as an equitable lien in favor of the attorney." (Emphasis added by Zentack court.) Zentack at 335.
{¶ 21} Appellee, therefore, erroneously relies on Zentack to support her position. According to Zentack, appellant's attorney's lien is enforceable.
{¶ 22} The case law of this state and many others supports the superior lien of the attorney to a fund which he worked to obtain for his client over other creditors, even if those creditors obtained judgments before the attorney. Cohen v. Goldberger (1923), 109 Ohio St. 22,141 N.E. 656, citing Winton v. Amos, 255 U.S. 373, 41 Sup. Ct. 342,65 L.Ed. 684; See Annotation (2001), 34 A.L.R. 4th 665. Although general creditors may have preexisting judgments against the client, their liens on the specific judgment obtained by the attorney for the client are subordinated to the attorney's lien. Cohen, supra.
{¶ 23} In the case at bar, the wife applied for her lien or garnishment of the fund after the attorney had won an award for his client. Therefore, although her judgment predated his, her lien on this fund did not. As noted in 34 ALR 4th 665, "the judgment creditor of the client had obtained by his garnishment only that interest which the client herself had in the judgment recovered by her attorney and * * * this interest was subject to the attorney's lien for his fees for obtaining the judgment." Id, citing Collins v. Thuringer (1933), 92 Colorado Reports 433.
{¶ 24} This reasoning is consistent with that of the Supreme Court of Ohio in Rowan v. Rowan (1995), 72 Ohio St.3d 486, 650 N.E.2d 1360, which held that the attorney who had obtained a lump sum workers compensation settlement for his client was entitled to his fees before the child support agency attached the funds for back child support. The court reasoned that "[p]ermitting attorneys to be paid for their services in obtaining lump-sum awards encourages the pursuit of legitimate workers' compensation claims that will ultimately benefit children who receive child support." Id. at 489. Similarly, in this case, without the attorney's efforts on his client's behalf — efforts based on the contingency contract between husband and attorney — the husband's claim for monies sought from the estate of the corporation would have been barred by the trustee in bankruptcy, who strongly opposed husband's motion for the funds. In other words, the wife would have had nothing to attach if the attorney had not worked on the case. It is counter intuitive to deny the attorney his fee when, without his work, the fund from which he is to be paid would not exist.
{¶ 25} The husband's assignment of error is sustained. This case is reversed and remanded for proceedings consistent with this judgment.
{¶ 26} This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and ANNE L. KILBANE, J., CONCUR.
[1] Wife had obtained a judgment against husband for the unpaid funds the year before he filed bankruptcy.
[2] The trial court's judgment entry states that "the interpleaded funds of Royal Packaging Corp. are disposable earnings, of which plaintiff is entitled to 60%. Also, plaintiff's status takes priority over subsequent status holders such as defendant's attorney." Journal Entry of April 5, 1999. Appellant has not appealed the trial court's finding that the funds in question are disposable income.