[Cite as *S.E.J. v. C.S.J.*, 2019-Ohio-3095.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

S.E.J., :

  Plaintiff-Appellant, :

     No. 107576

  v. :

C.S.J., :

  Defendant-Appellee. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU-17719503

*Appearances:*

S.E.J., *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Gabriel Rivera and Steven Ritz, Assistant Prosecuting Attorneys, *for appellee.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant S.E.J. appeals the juvenile court's child support order of $143.90 per month for his son, S.J. (d.o.b. February 26, 2009). Appellant argues that the court derived the support order after erroneously imputing to him yearly

income of $8,476, representing 20 hours of minimum wage employment per week.

Appellant assigns three errors for our review:

I. The trial court erred and abused its discretion [by proceeding] with trial after appellant established for the record the appellee * * * defaulted by failing to timely answer the admissions as required by Civ.R. 36(C).

II. The trial court erred and abused its discretion when it failed to acknowledge appellant's disability status. R.C. 3119.01(C)[.]

III. The trial court erred and abused its discretion when failing to observe the appellant's disability funds by miscalculating the appellant's funds. R.C. 3119.05.

{¶ 2} Having reviewed the record and the controlling law, we affirm the decision of the trial court.

{¶ 3} The record indicates that appellant and appellee are currently involved in divorce proceedings, and appellee is the residential parent of S.J. On December 2, 2017, the Office of Child Support Services ("OCSS") obtained an administrative order for child support requiring appellant to pay $320.27 per month plus two percent for processing. It is undisputed that appellant was unemployed at the time of the order and appellee earns approximately $37,000 per year. In deriving appellant's support order, the OCSS considered his 2017 receipt of $1,359 from workers' compensation and also imputed yearly income to him in the amount of $12,714, representing minimum wage work for 30 hours per week. Appellant filed objections to the administrative order and propounded extensive discovery to appellee and to the OCSS.

{¶ 4} On June 7, 2018, the court held a hearing on appellant's objections to the administrative support order. Appellant maintained that admissions he propounded to appellee should be deemed admitted for failure to timely respond, and that he should be awarded summary judgment. He also argued that the administrative support order was erroneous in light of his disability.

{¶ 5} The evidence presented to the court with regard to appellant's requests for admissions indicates that appellant's first set of discovery was sent to appellee on March 7, 2018. On April 4, 2018, appellant filed a motion to deem the first set of admissions admitted. Accounting for mailing times, the court determined that appellee's responses were not due at the point appellant filed his motion to deem the matters admitted.

{¶ 6} The court also noted that appellant's second set of discovery was propounded to appellee on May 5, 2018. On May 11, 2018, appellant filed a motion to deem the second set of admissions admitted. Appellee informed the court that she sent discovery responses to appellant by certified mail in April 2018, but on June 1, 2018, her responses were returned with the post office mark "refused." Appellee gave additional copies of her discovery responses to appellant in open court and the court took a brief recess in order for appellant to review this information. After this recess, the court denied appellant's motions to deem the matters set forth in the requests for admissions admitted.

{¶ 7} The evidence also indicated that appellant attempted to propound discovery and requests for admissions to OCSS on March 7, 2018. However, the

discovery requests were never served. Appellant resubmitted the discovery requests on April 24, 2018. On May 24, 2018, appellant filed a motion to deem the second set of admissions admitted, but the court determined that the motion was never served on OCSS. The court also noted that the discovery requests improperly sought information directly from and pertaining to the assistant prosecuting attorney. The court denied all of appellant's motions to deem matters admitted.

{¶ 8} Turning to the merits of the administrative support order, the court noted that appellant was injured at work in 2011, and filed three claims for compensation. The 2011 claim was allowed for a finger wound but appellant was cleared to return to work within the year. Approximately five months later, appellant filed a second claim for a testicle injury. In 2016, he filed the third claim for depressive disorder. Appellant was cleared to return to work in August 2017. He then drove for Uber for two months in 2017 and also helped take care of S.J.

{¶ 9} The court concluded that appellant is voluntarily underemployed, and it imputed income to him. However, the court reduced the imputed work hours from 30 per week to 20 per week, thereby reducing the imputed yearly income of the administrative support order from $12,714 to $8,476. The court likewise reduced appellant's monthly support obligation to $143.90 per month plus two percent processing.

### Request for Admissions

{¶ 10} In the first assigned error, appellant argues that the trial court erred in denying his motion to deem matters admitted.

{¶ 11} Civ.R. 36(B) provides that '[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

{¶ 12} Pursuant to the express language of Civ.R. 36(A), requests for admissions are "'self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admissions.'" *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18, quoting *State v. Cordell*, 10th Dist. Franklin No. 08AP-361, 2008-Ohio-6124, ¶ 10. Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become fact, and a motion seeking confirmation of those admissions is unnecessary. *Smallwood* at *id.*, citing *Cordell* at *id.*

{¶ 13} However, the requests for discovery must be properly served. *See* Civ.R. 5. Further, where the discovery requests are sent by mail, an additional three days is added to the 28-day deadline. *See* Civ.R. 6(E); *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 485 N.E.2d 1052 (1985).

{¶ 14} The record in this case indicates that appellee responded to the request for admissions in April and that appellant refused to accept certified mail service of her discovery responses. The record also indicates that OCSS was not properly served with the first set of discovery. The second set of OCSS discovery impermissibly sought information directly from and pertaining to the assistant prosecuting attorney.

{¶ 15} In accordance with the foregoing, the first assigned error lacks merit.

**Support Issues**

{¶ 16} In the second and third assigned errors, appellant asserts that the trial court erred in failing to recognize that he is disabled, and also improperly considered his workers' compensation benefits.

{¶ 17} A juvenile court has "considerable discretion" in deciding matters related to child support. *In re K.R.B.*, 2017-Ohio-7071, 95 N.E.3d 799, ¶ 16 (8th Dist.); *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989).

{¶ 18} R.C. 3119.02 governs the calculation of child support. Under this statute, a parent's child support obligation shall be calculated "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Sections 3119.02 to 3119.24 of the Revised Code." R.C. 3119.02; *In re K.R.B.* at ¶ 13. "The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is 'rebuttably presumed to be the correct amount of child support due.'" *Id.*, quoting R.C. 3119.03.

{¶ 19} To calculate child support, a juvenile court must determine each parent's gross income and consider the definitions contained in R.C. 3119.01(C), which provides in relevant part:

> (12) "Gross income" means, except as excluded in division (C) (12) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits,

including retirement, disability, and survivor benefits that are not means-tested; *workers' compensation benefits*; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration; spousal support actually received; and all other sources of income. * * *.

(Emphasis added.)

{¶ 20} Therefore, workers' compensation benefits are included within the definition of gross income to be considered in fashioning a child support order. *See also* R.C. 3121.03; *Rowan v. Rowan*, 72 Ohio St.3d 486, 650 N.E.2d 1360 (1995) (citing former analogous statute); *Ruttman v. Flores*, 8th Dist. Cuyahoga No. 66079, 1994 Ohio App. LEXIS 5362 (Dec. 1, 1994) (citing former analogous statute). In addition, R.C. 4123.67 provides for the attachment of workers' compensation awards for the payment of child support.

{¶ 21} R.C. 3119.22 provides that a trial court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in R.C. 3119.23, the court determines that the amount calculated "would be unjust or inappropriate and would not be in the best interest of the child." The decision to deviate from the actual annual child support obligation is discretionary and will not be reversed absent an abuse of discretion. *In re C.A.S. & A.S.*, 8th Dist. Cuyahoga Nos.104052 and 104054,

2016-Ohio-5633, ¶ 16, citing *In re Custody of Harris*, 168 Ohio App.3d 1, 2006-Ohio-3649, 857 N.E.2d 1235, ¶ 60-61 (2d Dist.).

{¶ 22} Further, a trial court is permitted to impute income to a parent when the parent is voluntarily unemployed or underemployed. *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993), syllabus. The determination of whether an individual is voluntarily underemployed or unemployed is within the trial court's discretion and will be upheld absent an abuse of discretion. *Id.* at 112, applying former R.C. 3113.215. Under R.C. 3119.01(C)(17)(a), the individual's physical and mental disabilities, prior employment experience, and ability to earn the imputed income are among the various factors to be considered in imputing income to him or her. However, the existence of a workers' compensation claim does not bar a court from imputing income to that party. *J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 26.

{¶ 23} In this matter, the record indicates that appellant filed several workers' compensation claims, but he was cleared to return to work in 2011 and again after the 2016 claim. He drove for Uber for several months in 2017. Therefore, the trial court did not abuse its discretion in imputing income to him for part-time work. Moreover, appellant's workers' compensation benefits were properly considered as income under R.C. 3119.01(C)(12) in connection with the court's calculation of appellant's income for support purposes.

{¶ 24} The second and third assigned errors lack merit.

{¶ 25} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
RAYMOND C. HEADEN, J., CONCUR